UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RODDRICK J. PHILLS        CIVIL ACTION NO. 6:13-cv-02427

VERSUS                    JUDGE DOHERTY

HILCORP ENERGY COMPANY    MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Currently pending is the motion to transfer venue pursuant to 28 U.S.C. § 1404(a), which was filed on behalf of the defendant, Hilcorp Energy Company. (Rec. Doc. 3). The motion is opposed. For the reasons set forth below, the motion is denied.

### BACKGROUND

The plaintiff, Roddrick J. Phills, claims that he was injured in a workplace incident on or about September 20, 2012. At the time of the accident, Phills was employed by PSC Industrial Outsourcing, L.P. and was performing work for the defendant, Hilcorp Energy Company. While jumping between a platform and a barge, a maneuver allegedly necessitated by the defendant's negligence, Phills allegedly injured his back. He designated his claims as arising in admiralty and seeks to recover under the general maritime law as well as under the laws of the state of Louisiana. Phills's complaint does not state precisely where the accident occurred

nor does it contain any allegations explaining why this forum provides a proper venue for the lawsuit.

But this is not the first lawsuit that Phills filed. He originally filed suit in Plaquemines Parish, Louisiana, seeking to recover for the injuries he allegedly sustained in the accident and alleging that he was a Jones Act seaman. (Rec. Doc. 3-2). That suit was removed to the United States District Court for the Eastern District of Louisiana. (Rec. Doc. 3-3). A determination was made that the plaintiff actually was not a Jones Act seaman, and the plaintiff filed a motion for voluntary dismissal of the state-court action (Rec. Doc. 3-4), which was granted (Rec. Doc. 3-4). This lawsuit followed.

Hilcorp now seeks to have this newly-filed lawsuit transferred to the Eastern District, arguing that "[t]ransfer is appropriate for the convenience of the parties and to prevent forum shopping." (Rec. Doc. 3 at 1).

### LAW AND ANALYSIS

I.  THE RELEVANT LEGAL STANDARDS

It is well settled that the decision to transfer a case pursuant to 28 U.S.C. § 1404(a) is a matter within the trial court's discretion.[1] Section 1404(a) reads as

---

[1] *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *Bearden v. United States*, 320 F.2d 99 (5th Cir. 1963), *cert. denied*, 376 U.S. 922 (1964).

follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Therefore, the preliminary question in a Section 1404(a) analysis is whether the action "might have been brought" in the destination venue.[2]

The moving party bears the burden of proving that a change of venue is warranted.[3] A defendant moving for a venue transfer under Section 1404(a) must show good cause for the transfer.[4] To do so, the moving party must demonstrate that the action could have been brought in the destination venue and also clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice.[5] "Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient,

---

[2] *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).

[3] *In re Volkswagen*, 545 F.3d at 315; *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

[4] *In re Volkswagen*, 545 F.3d at 315, citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

[5] *In re Volkswagen*, 545 F.3d at 315.

however, it has shown good cause and the district court should therefore grant the transfer."[6]

While the plaintiff's choice of venue is accorded some deference,[7] the plaintiff's choice of venue is not treated as a distinct factor in the Section 1404(a) analysis.[8] Instead, the plaintiff's venue choice corresponds to the burden that the moving party must meet in order to demonstrate that the transferee venue is clearly more convenient.[9]

The Fifth Circuit adopted the private interest factors and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ("the *Gilbert* factors"), for determining whether a Section 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice.[10] The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

---

[6]    *In re Volkswagen*, 545 F.3d at 315.

[7]    *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (5th Cir. 2008), citing *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003).

[8]    *In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen*, 545 F.3d at 314 n. 10.

[9]    *In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen*, 545 F.3d at 314 n. 10.

[10]    *In re Volkswagen*, 545 F.3d at 315.

expeditious and inexpensive.[11] The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.[12] These factors are neither exhaustive nor exclusive and no one of them is dispositive.[13]

## II. APPLICATION OF THE LEGAL STANDARDS IN THIS ACTION

Since it is undisputed that this suit was properly filed in a Louisiana state court, properly removed to the Eastern District of Louisiana, and could originally have been brought in the Western District of Louisiana, the only issue before this Court is whether a transfer is "for the convenience of parties and witnesses, in the interest of justice." Accordingly, each of the *Gilbert* factors will be analyzed.

---

[11] *In re Volkswagen*, 545 F.3d at 315.

[12] *In re Volkswagen*, 545 F.3d at 315.

[13] *In re Volkswagen*, 545 F.3d at 315.

### A.     THE PRIVATE INTEREST FACTORS

#### 1.     THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF

This factor examines the location of documents and physical evidence.[14] Although there have been significant advances in copying technology and in information storage, retrieval, and sharing in recent years, this remains a meaningful factor.[15] The barge and platform where the accident occurred were in the Eastern District at the time of the accident. The platform is assumed to be static, but it is not known whether the barge remains in that location. If inspection of the platform and/or barge is necessary, evidence will have to be viewed and evaluated in the Eastern District. However, all other documents and evidence appear to be located in the Western District.

In its briefing, Hilcorp did not state where it maintains documents relevant to the accident, but the plaintiff showed that Hilcorp's principal business office in Louisiana is in Jeanerette, which is in the Western District. It is logical that Hilcorp's documents concerning the accident are located there. The plaintiff also argued that he has seen doctors in the Western District, whose records will likely be used at trial. The plaintiff did not mention any health care providers in the Eastern District. The

---

[14]     *In re Volkswagen*, 545 F.3d at 316.

[15]     *In re Volkswagen*, 545 F.3d at 316.

plaintiff also pointed out that PSC Industrial Outsourcing, LP, the company by whom he was employed at the time of the accident, is located in Lafayette in the Western District. Any documents that PSC might have concerning the accident or the plaintiff's employment are, therefore, in the Western District.

In summary, Hilcorp has not proven that this factor weighs in favor of transferring venue to the Eastern District.

### 2. THE AVAILABILITY OF COMPULSORY PROCESS TO SECURE THE ATTENDANCE OF WITNESSES

Rule 45(b)(2) of the Federal Rules of Civil Procedure allows a federal court to compel a witness's attendance at a trial or hearing by subpoena, but Rule 45(c) limits that power by restricting the court's subpoena power to those witnesses who work or reside less than 100 miles from the courthouse. Hilcorp argued that the plaintiff failed to identify a single material witness who is beyond the subpoena power of the Eastern District. In his opposition memorandum, however, the plaintiff submitted an affidavit with a list of key witnesses, all of whom are located in the Western District. More important, the burden of proving that the Eastern District is more convenient is on Hilcorp, not on the plaintiff. Hilcorp has not identified any witnesses who are beyond the subpoena power of the Western District. Accordingly, Hilcorp has not established that this factor weighs in favor of transfer.

### 3. THE COST OF ATTENDANCE FOR WILLING WITNESSES

The distance between the place where a witness lives or works and the place where the case will be tried is directly proportional to the witness's cost of attendance at trial. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."[16] The Fifth Circuit has established a "100–mile rule" for determining the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled."[17] Some courts have suggested that the primary focus should be on the cost to be incurred by key non-party witnesses.[18]

---

[16] *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004).

[17] *In re Volkswagen AG*, 371 F.3d at 204-05.

[18] See, e.g., *Frito-Lay North America, Inc. v. Medallion Foods, Inc.*, 867 F.Supp.2d 859, 870-71 (E.D. Tex. 2012); *Remmers v. United States*, No. 1:09-CV-345, 2009 WL 3617597, at *5 (E.D. Tex. Oct. 28, 2009); *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 832 (E.D. Tex. 2002).

The Eastern District of Louisiana sits in New Orleans, Louisiana, while this case is currently pending in the Lafayette Division of the Western District. The distance from Lafayette to New Orleans is roughly 136 miles.[19]

Hilcorp stated that the plaintiff resides in the Western District, while the accident occurred in the Eastern District. Hilcorp also stated that the offices of its counsel and the plaintiff's counsel are in the Eastern District and that it will make all of its employee witnesses available at its counsel's office (presumably for deposition purposes). Hilcorp did not state where its own offices are located, not did it state that it could not – or would not – make its employee witnesses available in the Western District. More important, Hilcorp has not yet identified any lay or expert witnesses who will testify at the trial of this matter. Therefore, it is not possible to determine whether Hilcorp's key witnesses will be inconvenienced if this matter is permitted to remain in the current venue.

A party seeking transfer based on convenience of the witnesses must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.[20] Hilcorp has not done so. On the other hand, however,

---

[19] Distance Between Cities, http://www.distancebetweencities.net/lafayette_la_and_new-orleans_la/ (last visited Nov. 4, 2013).

[20] See, e.g., *Ron Williams Const. Inc. v. Lide Industries, LLC*, No. 2:11 CV 1558, 2011 WL 6817889, at *3 (W.D. La., Dec. 27, 2011); *Praetorian Specialty Ins. Co. v. Auguillard Const. Co., Inc.*, 829 F.Supp.2d 456, 472 (W.D. La. 2010); *BNSF Ry. Co. v. OOCL (USA), Inc.*, 667

the plaintiff submitted an affidavit[21] with a list of key witnesses including his coworkers and health care providers, explained the subject of each witness's likely trial testimony, and stated that these witnesses all live or work in Lafayette or Abbeville, cities within the Western District.

Hilcorp has not shown that this factor weighs in favor of transferring this case to the Eastern District.

### 4. ALL OTHER PRACTICAL PROBLEMS

Hilcorp argued that because no trial date has yet been set and no discovery has taken place, the plaintiff would not be prejudiced if this action were transferred to the Eastern District. However, the same argument can be made from the opposite perspective. In other words, neither party has demonstrated any prejudice arising from maintaining the current venue.

---

F.Supp.2d 703, 711 (N.D. Tex. 2009); *Wilson v. Ameristar Casino Vicksburg, Inc.*, No. 07-0297, 2007 WL 2284608, at *5 (W.D. La., July 10, 2007); *Gardipee v. Petroleum Helicopters, Inc.*, 49 F.Supp.2d 925, 929 (E.D. Tex. 1999).

[21] Rec. Doc. 8-3.

### B. THE PUBLIC INTEREST FACTORS

#### 1. THE ADMINISTRATIVE DIFFICULTIES FLOWING FROM COURT CONGESTION

This factor favors a district that can bring a case to trial faster.[22] Hilcorp did not argue that there is less congestion in the Eastern District; it merely stated that this case would not clog any court's docket. In fact, Hilcorp argued that this factor is neutral, and the undersigned has not been persuaded otherwise.

#### 2. THE LOCAL INTEREST IN HAVING LOCALIZED INTERESTS DECIDED AT HOME

This factor analyzes the "factual connection" that a case has with the transferee venue and also with the transferor venue.[23] Hilcorp noted that the accident occurred in the Eastern District and argued that this weighs in favor of transfer to the Eastern District. The plaintiff argued that the Western District has an interest in matters involving oilfield or maritime workers who live in the Western District but work outside the district. The undersigned concludes that this factor is neutral.

#### 3. THE FAMILIARITY OF THE FORUM WITH THE GOVERNING LAW

Hilcorp did not address this factor except to argue that it is neutral. The plaintiff similarly made no argument regarding this issue. The undersigned is

---

[22] See *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (5th Cir. 2009).

[23] See *In re Volkswagen AG*, 371 F.3d at 206.

confident that the two venues are equally familiar with the governing law and finds that this factor is neutral.

### 4. THE AVOIDANCE OF UNNECESSARY PROBLEMS OF CONFLICT OF LAWS OR IN THE APPLICATION OF FOREIGN LAW

Hilcorp briefly argued that this factor is neutral because there is no indication that this case raises any conflicts of law issues. The plaintiff agreed that there is no choice of law issue. Accordingly, the undersigned finds that this factor is neutral.

### C. FORUM SHOPPING

After a brief review of the factors identified by the Fifth Circuit as determinative of the issue now before this Court, Hilcorp then vehemently argued that the plaintiff's attempt at forum shopping justifies transfer of this case to the Eastern District. Hilcorp cited to district court cases from New York and California for the proposition that a plaintiff's choice of forum may be given less weight if it is motivated by forum shopping. Hilcorp cited no authority from the Fifth Circuit or any court within the Fifth Circuit to support that proposition. Hilcorp also ignored the Fifth Circuit's conclusion that the plaintiff's venue choice is not a separate factor to be considered but is, instead, incorporated in the burden that the moving party must meet in order to demonstrate that the transferee venue is clearly more convenient.[24]

---

[24] *In re TS Tech*, 551 F.3d at 1320; *In re Volkswagen*, 545 F.3d at 314 n. 10.

Regardless of the forum chosen by the plaintiff or the reasons why the plaintiff chose that forum, the moving party – here Hilcorp – bears the burden of proving that the forum it favors is clearly more convenient than that chosen by the plaintiff. To do so, the moving party – Hilcorp in this case – must persuade the Court that the private interest and public interest factors discussed above weigh in favor of the proposed transferee court – here, the Eastern District. Even if the plaintiff was forum shopping when he filed this lawsuit, Hilcorp must demonstrate that trial in the Eastern District would be more convenient than trial in the Western District. But Hilcorp itself admits that "most of the factors to determine convenience under § 1404(a) are neutral."[25] Therefore, Hilcorp has not satisfied its burden of proving that the Eastern District is the more convenient forum.

## CONCLUSION

For the foregoing reasons, Hilcorp's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (Rec. Doc. 3) is DENIED.

Signed at Lafayette, Louisiana on November 5, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[25] Rec. Doc. 3-1 at 4.